IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT LEE ERSKINE**, | Case No. 6:20-cv-00254-JE |
| Petitioner, | **OPINION AND ORDER ADOPTING THE FINDINGS AND RECOMMENDATION AS MODIFIED** |
| v. | |
| **BRANDON KELLY**, | |
| Respondent. | |

Anthony D. Bornstein, Federal Public Defender's Office, 101 SW Main Street, Suite 1700, Portland, OR 97204. Attorney for Petitioner.

Nick M. Kallstrom, Oregon Department of Justice, 1162 Court Street, NE, Salem, OR 97301. Attorney for Respondent.

**IMMERGUT, District Judge.**

Before this Court is Magistrate Judge Jelderks's Findings and Recommendation ("F&R"), ECF 68, denying Petitioner Robert Lee Erskine's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Judge Jelderks recommends that this Court hold that the petition is time-barred and that it does not warrant equitable tolling. F&R, ECF 68 at 7–11. Petitioner has filed objections to the F&R, *see* Objections ("Objs."), ECF 73, and Defendant Brandon Kelly has filed a response to those objections, *see* Response ("Resp."), ECF 74.

This Court has reviewed de novo the portions of the F&R to which Plaintiff objected. For the following reasons, the Court ADOPTS Judge Jelderks's F&R as MODIFIED below.

## LEGAL STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Following de novo review, this Court adopts Judge Jelderks's F&R as modified below. Although Judge Jelderks appears to have applied the incorrect equitable tolling test, this Court explains below why, even under the correct test, Petitioner is ineligible for equitable tolling. This Court otherwise adopts the remainder of the F&R without modification.

### A.  Petitioner Is Not Entitled to Equitable Tolling

Petitioner argues that Judge Jelderks applied the wrong standard for determining whether a petitioner is entitled to equitable tolling due to their mental illness. Objs., ECF 73 at 2. Petitioner is correct that Judge Jelderks seems to have applied a standard asking whether Petitioner's mental illness made it actually impossible for him to file under § 2254, when Ninth Circuit precedent does not require so high a showing. *Compare* F&R, ECF 68 at 8 (asking

whether mental illness "rendered it impossible for" Petitioner to file a federal habeas petition), *with Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) ("[W]e do not require actual impossibility; rather, equitable tolling is appropriate where it would have technically been possible for a prisoner to file a petition, but a petitioner would have likely been unable to do so." (citations, italics, and internal quotation marks omitted)). Nonetheless, after applying the correct legal standard, this Court agrees with Judge Jelderks's bottom-line conclusion and holds that Petitioner is ineligible for equitable tolling.

The equitable tolling test for mentally ill petitioners is set forth in *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010). After surveying Supreme Court and Ninth Circuit precedent, the *Bills* Court instructed "that eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test," *id.* at 1099:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
> > (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> >
> > (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Id.* at 1099–1100 (citations and italics omitted). Implicit in this test is the presumption that even if a petitioner "grapple[s] periodically with significant mental health issues during his incarceration," he can still be "capable of understanding the need to timely file and effectuat[e] a filing." *Orthel v. Yates*, 795 F.3d 935, 939 (9th Cir. 2015) (footnote and citation omitted). In

such cases, as *Bills* makes clear, a petitioner with that capability cannot avail himself of equitable tolling.

Petitioner cannot satisfy the *Bills* test for demonstrating an extraordinary circumstance. It is undisputed that, as Judge Jelderks found, Petitioner filed a state habeas petition during his one-year time bar period of September 1, 2013 to September 1, 2014 and another habeas petition immediately after that period passed—indicating that Petitioner, despite his mental illness, had the competence and ability to timely file a § 2254 petition. Petitioner filed a state habeas petition on May 1, 2014 challenging his lack of a release plan from prison. *See* F&R, ECF 68 at 5; Respondent's Ex. 125, ECF 33-1 at 212–19. Then, on August 25, 2014, Petitioner filed an "Inmate Communication Form" requesting a legal assistant help him in filing for default judgment in another case because "the Respondent did not respond to [his] amended complaint within 30 days as required." Respondent's Ex. 131, ECF 33-1 at 366. And just nine days after the September 1, 2014 deadline passed, Petitioner informed a legal assistant that he wished to file a 42 U.S.C. § 1983 complaint. Respondent's Ex. 131, ECF 33-1 at 381. Likewise, on October 9, 2014, five weeks after his § 2254 window closed, Petitioner filed another state habeas petition, again challenging his lack of a release plan. *See* F&R, ECF 68 at 5–6; Respondent's Ex. 126, ECF 33-1 at 221–28. In addition, the Acting Law Library Coordinator at the Oregon State Penitentiary submitted a declaration stating that, at his correctional facility, Petitioner retained access to law library services, computers, word processors, data storage systems, and printing services; that a Legal Officer acted as a liaison between the main law library and individuals like Petitioner housed in the Special Management Housing unit; and that Petitioner routinely used these services. *See* F&R, ECF 68 at 9; Respondent's Ex. 131, ECF 33-1 at 247–52.

PAGE 4 – OPINION AND ORDER ADOPTING THE F&R AS MODIFIED

Under Ninth Circuit case law, this evidence conclusively shows that, during his one-year § 2254 window, Petitioner had the ability to prepare a federal habeas petition and thus cannot satisfy the *Bills* test for equitable tolling. *See Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (affirming denial of equitable tolling because, among other things, the petitioner during his one-year window "repeatedly sought administrative and judicial remedies" and "was able to file a state habeas petition in three different California venues"); *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) (affirming denial of equitable tolling because the evidence showed that the petitioner made state court filings both before and after his one-year window and "[i]t was not clear error for the district court to conclude that [the petitioner's] physical and mental condition between [the two dates when he filed state post-conviction petitions] was not significantly worse than his condition immediately before or after those dates."); *Wilridge v. Gonzalez*, 671 F. App'x 494 (9th Cir. 2016) (affirming denial of equitable tolling because the petitioner "failed to show that his mental impairment caused his untimely federal habeas petition, particularly given his filing of several other legal and administrative documents during the relevant time period. (citation omitted)); *Geray v. Muniz*, 678 F. App'x 607, 608 (9th Cir. 2017) (affirming denial of equitable tolling because the "impairment . . . did not prevent [the petitioner] from filing a variety of documents in the state courts in 2011 and 2012" (citation omitted)); *Pilgrim v. Att'y Gen. of Ariz.*, 727 F. App'x 253, 254–55 (9th Cir. 2018) (affirming denial of equitable tolling because "[t]he record . . . reflects that [the petitioner's] mental condition was not an impediment to seeking post-conviction relief in state court or in pursuing various forms of relief in federal court."); *Taylor v. Filson*, 692 F. App'x 821, 822 (9th Cir. 2017) (affirming denial of equitable tolling in part because the petitioner "filed two state post-conviction actions, indicating that he had the means to file a federal action."); *Shropshire v. Baca*, 702 F. App'x 629,

630 (9th Cir. 2017) (affirming denial of equitable tolling in part because the petitioner "filed several state petitions during the years after his sentencing, indicating that he was capable of preparing and filing habeas petitions."); *Gonzalez-Aguilera v. Nooth*, 723 F. App'x 448, 450 (9th Cir. 2018) (substantially similar); *Henderson v. Gonzalez*, No. CV 10–6971–SJO (MAN), 2011 WL 4801893, at *9–14 (C.D. Cal. Aug. 19, 2011) (similar), *findings and recommendation adopted*, 2011 WL 4801889 (Oct. 6, 2011), *aff'd*, 594 F. App'x 353 (9th Cir. 2015).[1]

Petitioner does not challenge the account of the facts laid out above and in Judge Jelderks's F&R, nor does he identify any countervailing evidence. Rather, Petitioner's sole response—against the over 1,100-page record and the abundant Ninth Circuit case law—is that Petitioner is still eligible for equitable tolling because "recognizing the need for promptness in taking legal action is not synonymous with possessing the full faculties and knowledge required to accomplish all requisite litigation tasks." Objs., ECF 73 at 3. Petitioner cites no relevant federal case law for this assertion, and indeed, this assertion runs headlong into Ninth Circuit precedent. The Ninth Circuit has recognized that, for the purposes of the *Bills* test, the expectation is that petitioners will seek legal assistance in pursuing post-conviction claims. *See Stancle v. Clay*, 692 F.3d 948, 959 (9th Cir. 2012) (explaining that a "petitioner must show diligence in seeking assistance with *what he could not do alone*." (emphasis added) (citing *Bills*, 628 F.3d at 1100)); *Bills*, 628 F.3d at 1100 ("[A] petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure.").

---

[1] Moreover, Petitioner himself stated in his October 9, 2014 filing that he had "just c[o]me out of another complete psychosis about six months ago and finally stabilized on the proper psychotropic medication." Respondent's Ex. 126, ECF 33-1 at 222. This evidence likewise shows that Petitioner retained "sufficient competence and capability in the year following the date on which the state court judgment became final." *Orthel*, 795 F.3d at 939.

Notwithstanding that Petitioner relied on legal assistance at his correctional facility, his filings during and immediately following his one-year § 2254 window foreclose his eligibility for equitable tolling.

Petitioner urges that "his serious mental condition should be recognized and taken into full account in his claim for equitable tolling of the limitations period." Objs., ECF 73 at 3. Mental illness alone, though, does not per se entitle a Petitioner to equitable tolling; rather, Petitioner must show that his "impairment was so severe that . . . [he] was unable to rationally or factually understand the need to timely file, or . . . [his] mental state rendered him unable to personally prepare a habeas petition." *Bills*, 628 F.3d at 1099–1100; *see also Henderson*, 2011 WL 4801893, at *9 ("Of course, the mere existence of a mental illness is insufficient to warrant equitable tolling; rather, the petitioner must establish a causal connection between his mental illness and his failure to seek habeas relief on a timely basis." (citations omitted)). In light of the undisputed evidence of sufficient competence, Petitioner cannot satisfy this standard.

Finally, Petitioner makes no meaningful attempt to meet his burden of proving diligence under *Bills*. Petitioner states that he only initiated this § 2254 action in early 2020, over five years late, because "he was finally, at long last, able to overcome his serious mental deficits to file the requisite, proper, state, then federal, legal pleadings necessary to initiate and maintain the instant federal legal action." Objs., ECF 73 at 2. But arguments are not evidence, and Petitioner's objections point to nothing else in the record concerning the time gap. *See Carrillo-Gonzalez v. I.N.S.*, 353 F.3d 1077, 1079 (9th Cir. 2003) (explaining that "argument of . . . counsel . . . does not constitute evidence").

PAGE 7 – OPINION AND ORDER ADOPTING THE F&R AS MODIFIED

Because Petitioner demonstrated an ability to file his § 2254 habeas petition within the one-year window, his petition—filed more than five years after that window closed—does not merit equitable tolling. Accordingly, this Court must deny the petition.

## B. Petitioner Is Not Entitled to an Evidentiary Hearing

Petitioner argues that he is entitled to an evidentiary hearing because "[a]ffidavits and declarations are inherently deficient in resolving factual discrepancies on important evidentiary issues." Objs., ECF 73 at 4. But Petitioner does not identify any factual discrepancies in Judge Jelderks's findings or identify any basis in the 1,100+ page record for questioning the reliability of the evidence submitted by Respondent. "Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegation of mental incompetence." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (citation omitted). This principle applies here and forecloses any need for an evidentiary hearing in this matter.

## C. Petitioner Is Not Entitled to a Certificate of Appealability

Finally, Petitioner contends that this Court should issue a certificate of appealability, but this contention lacks merit. Given the evidence in the record and the clear Ninth Circuit case law governing equitable tolling, no reasonable jurist would believe it to be debatable whether Petitioner is time-barred. *See Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000).

### CONCLUSION

This Court has reviewed de novo the portions of Judge Jelderks's F&R to which Petitioner objected. Judge Jelderks's F&R, ECF 68, is adopted as modified above. This Court DENIES Petitioner's request for an evidentiary hearing, DENIES the Petition for Habeas Corpus under 28 U.S.C. § 2254, and DISMISSES this case with prejudice. This Court also DECLINES

PAGE 8 – OPINION AND ORDER ADOPTING THE F&R AS MODIFIED

to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 22nd day of February, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge